968 F.2d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
MCA TELEVISION LIMITED, Plaintiff-Appellee,
v.
CHANNEL 62 ASSOCIATES; Fayetteville-Cumberland Telecasters,
Incorporated, Defendants-Appellants.
 No. 92-1190.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 17, 1992
Decided: July 10, 1992
 
 Argued: Robinson Oscar Everett, Everett, Gaskins, Hancock & Stevens, Durham, North Carolina, for Appellants.
 William Lloyd Stocks, Nichols, Caffrey, Hill, Evans & Murrelle, Greensboro, North Carolina, for Appellee.
 On Brief: Katherine A. O'Connor, Everett, Gaskins, Hancock & Stevens, Durham, North Carolina, for Appellants.
 ToNola D. Brown, Nichols, Caffrey, Hill, Evans & Murrelle, Greensboro, North Carolina, for Appellee.
 Before RUSSELL, WIDENER, and HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case concerns the propriety of the district court's award of summary judgment for the plaintiff in a diversity contract action. MCA Television Limited, plaintiff in the suit below, sought liquidated damages due under thirteen television programming license agreements when Channel 62 Associates defaulted on the monthly payments due under all thirteen agreements. The issue for decision was whether the liquidated damages provisions in the license agreements were valid. The district court stated that under California law, liquidated damages provisions were presumed valid unless shown to be unreasonable. The court found the provisions at issue reasonable and, accordingly, enforced their terms.
 
 
 2
 After consideration of the briefs and oral arguments of counsel, we find no merit to this appeal. The district court correctly found that the contract was legally binding and that the liquidated damages provision was reasonable and enforceable. Appellants have raised no genuine issue of material fact that would prohibit summary judgment in this case. Accordingly, we affirm the district court's opinion and adopt the reasoning contained therein.
 
 AFFIRMED